IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMANUAL DELEON FIELDS, #1127671, | § § § | |
| Petitioner, | § § | |
| v. | § | No. 3:22-cv-02485-B (BT) |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Emanual Deleon Fields, a state prisoner, filed a handwritten document that the Court construes as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody). For the following reasons, the Court should transfer Fields's habeas petition to the Fifth Circuit Court of Appeals as successive.

I.

Fields was convicted of three aggravated robberies in Dallas County, Texas, and he was sentenced to 60 years' imprisonment. Fields appealed his convictions and sentences, and they were affirmed on appeal. *See Fields v. State*, Nos. 05-02-01665-CR, 05-02-01666-CR, 05-02-01667-CR, 2004 WL

1

60765 (Tex. App. –Dallas, Jan. 14, 2004, pet. ref'd) *cert. denied*, 125 S. Ct. 2929 (2005).

Later, Fields filed separate applications for state habeas relief for each of his convictions. The applications were subsequently denied without a written order. *Ex parte Fields*, Nos. 61, 187-02, 61, 187-03 & 61, 187-04 (Tex. Crim. App. Jan. 11, 2006).

On February 1, 2006, Fields filed his first § 2254 petition in this Court. *See Fields v. Quarterman*, No. 3:06-cv-236-N. The magistrate judge issued findings and conclusions, recommending that the § 2254 petition be denied. On May 16, 2007, the Court denied Fields's request for habeas relief and entered judgment. Fields appealed to the Fifth Circuit Court of Appeals. The Fifth Circuit granted in part and denied in part a certificate of appealability (COA). On November 12, 2009, the Fifth Circuit affirmed this Court's judgment.

In his current petition, Fields argues: (1) he is actually innocent; (2) there was a miscarriage of justice when his attorney failed to preserve the *Batson* challenges during jury selection; (3) his attorney failed to adequately investigate and present mitigating circumstances during the penalty phase; (4) his attorney failed to object when the trial judge questioned a witness during the punishment phase; (5) his attorney failed to object and preserve the argument involving damaging hearsay testimony; and (6) his attorney

failed to request the "missing" witness charge for the State's witnesses who did not testify at trial Pet. 1 (ECF No. 3).

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). To raise a claim in a second or successive § 2254 petition, a prisoner must show: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files a successive petition in the District Court, a three-judge panel of the Fifth Circuit must determine whether he makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is deemed successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). However, a second petition is not successive when the first petition was dismissed due to prematurity or for lack of exhaustion. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). This is so because "dismissal of a first habeas

petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

The Court denied Fields's first federal habeas petition on May 16, 2007. *See Fields v. Quarterman*, No. 3:06-cv-236-N, ECF Nos. 19, 20. His new claims could have and should have been addressed in his first petition, and Fields fails to demonstrate that his claims were not available to him at the time he filed his first petition on February 1, 2006. *See Hardemon*, 516 F.3d at 275. Rather, it appears the alleged errors Fields raises in his petition were previously known to him. For example, Fields argues that there was a miscarriage of justice when his trial attorney failed to preserve the *Batson* challenges during jury selection. There is no indication that any of his claims were not available to him when he filed his first petition.

In sum, Fields raises claims that could have and should have been addressed in his first petition. Therefore, the pending petition is successive. The Fifth Circuit has not issued an order authorizing this Court to consider Fields's successive petition. Fields must obtain such an order before he may file another petition for habeas relief under § 2254.

### III.

The Court should TRANSFER Fields petition for a writ of habeas corpus to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SO RECOMMENDED**

Signed November 8, 2022.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*